DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Road, Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM CAIRNS,<br><br>Plaintiff,<br>v.<br><br>IDAHO FALLS SCHOOL DISTRICT NO. 91,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Filing Fee: $400.00 |

Plaintiff, William Cairns, by and through his counsel of record, Casperson Ulrich Dustin PLLC as a cause of action against Defendant Idaho Falls School District No. 91, alleges and complains as follows:

**JURISDICTION AND VENUE**

1. This is an action brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.; and the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.*

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(4) and 1367; 29 U.S.C. § 621, *et seq.*

1 - COMPLAINT AND DEMAND FOR JURY TRIAL

3. This action properly lies in the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff realleges and incorporates by reference paragraphs 1 through 3 as though fully set forth herein.

5. Plaintiff William Cairns ("Cairns") is a male citizen and resident of the United States of America, who is, and at all times relevant hereto was, a resident of Bonneville County, Idaho.

6. Defendant Idaho Falls School District No. 91 ("Defendant"), at all time relevant hereto is and was a body corporate and politic, duly organized and existing under the laws of the State of Idaho, with its principal place of business in Bonneville County, Idaho.

7. At all times material to this Complaint, Defendant regularly employed twenty or more persons, and was engaged in an industry affecting commerce, bringing Defendant within the ambit of 29 U.S.C. § 621, *et seq.*; 29 U.S.C. § 1002 *et seq.*; and Idaho Code § 67-5901, *et seq.*

## FACTS COMMON TO ALL COUNTS

8. Cairns realleges and incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9. In early 2017, Cairns met with George Boland ("Boland"), superintendent of Defendant.

10. The meeting took place in approximately January/February within a month or two of Cairns's 61st birthday, which was in November 2016.

11. Cairns's purpose in meeting with Boland was to explore the options available to Cairns regarding early retirement, including whether the Board ever approved an employee to retire mid-year but continue to work.

12. Boland told Cairns the legislature was considering changing the age for early retirement from 62 to 60 and recommended that Cairns wait to see whether the legislature actually made that change before making any decisions regarding his own retirement.

13. In late April or early May 2017, Boland arranged a meeting with Cairns at which Boland informed Cairns that at the school board meeting held the night before, the school board had approved Cairns's request to retire but continue to work because the eligibility was now age 60.

14. This information surprised Cairns because he had never made a request to retire early and only had the one discussion with Boland several months earlier in which Cairns was simply asking what his options were regarding retiring but continuing to work.

15. After being informed of the board's approval, Cairns made it clear to Boland that he wanted to take advantage of the retire and continue to work option, including to work several more years.

16. Cairns told Boland he wanted to work at least two and possibly four or more years.

17. Boland told Cairns that if he took the retire and continue to work option on one-year contracts, there was always a risk the one-year contracts would not be renewed.

18. When Cairns pressed Boland to help him evaluate the risk, Boland told Cairns that so long as he was superintendent, Cairns would have a job, provided he did not mess up.

19. With that assurance from Boland, Cairns decided to take the retire and continue to work options and begin working on one-year contracts with the intention of working several more years.

20. At the time of Cairns's discussions with Boland in the fall of 2016 and spring of 2017, Cairns was the Assistant Principal at Idaho Falls High School.

21. After Cairns's decision to take the retire and continue to work option, Boland reassigned Cairns to Skyline High School as the Athletic Director.

22. Shortly before spring break in the spring of 2018, Aaron Jarnigan ("Jarnigan"), the Principal at Skyline High School, asked to meet with Cairns wherein he asked Cairns what his plans were.

23. Cairns told Jarnigan he intended to work two to four more years, as long as he was in good health.

24. In response, Jarnigan told Cairns he was not going to renew his contract, asserting that he wanted someone with more "longevity."

25. Cairns asked Jarnigan if there was a problem with his performance.

26. Jarnigan assured Cairns there was not anything wrong with his performance and that he had done a good job. However, Jarnigan said he needed someone in that position longer based on Cairn's age.

27. Cairns told Jarnigan he did not believe Jarnigan could decide not to renew his contract on that basis.

28. After the meeting, Cairns contacted Boland's office, but was informed Boland was unavailable. Cairns eventually met with Boland in early April 2018.

29. Boland confirmed that Cairns's performance was good, but that Jarnigan wanted to build a team for the future.

30. Cairns reminded Boland of his previous assurance that so long as he was superintendent, Cairns would have a job.

31. Boland responded that he had no objection to Cairns continuing to work, but he was going to allow Jarnigan to select the team he wanted.

32. Upon returning to work at Skyline, Jarnigan asked Cairns what Boland had said to him about discrimination. Cairns told Jarnigan that issue was between Jarnigan and Boland.

33. Jarnigan did not renew Cairns's contract, which opened the position of Athletic Director at Skyline High School.

34. Cairns applied for the position despite Jarnigan not renewing his contract.

35. During the interview for the position, Jarnigan again told Cairns he wanted "someone who can stay longer" and someone with "longevity."

36. Jarnigan did not select Cairns for the position, but Jarnigan selected someone substantially younger and who had not completed his administrative credentials to be the Athletic Director at Skyline High School.

37. Cairns applied for other positions with Defendant.

38. Defendant filled each position for which Cairns applied with a person substantially younger and less qualified than Cairns.

## COUNT ONE
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## AGE DISCRIMINATION

39. Cairns incorporates by this reference each and every allegation set forth in paragraphs 1 through 38 as though fully set forth herein.

40. Defendant terminated Cairns's employment.

41. Cairns was over 40 years of age at the time of termination.

42. Cairns was performing his job satisfactorily.

43. Defendant replaced Cairns with someone who was substantially younger and/or treated other individuals who were significantly younger than Cairns more favorably than Cairns.

44. Defendant terminated Cairns's employment because of his age.

45. Defendant also failed to select Cairns for other positions because of his age.

46. As a direct and proximate result of Defendant's actions and/or failures to act, Cairns has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Cairns is thereby entitled to damages in an amount to be proven at trial.

47. Defendant's conduct was willful, and done with a reckless disregard for Cairns's federally protected rights, for which Cairns is entitled to liquidated damages pursuant to 29 U.S.C. § 626(b).

## COUNT TWO
## VIOLATION OF THE IDAHO HUMAN RIGHTS ACT
## AGE DISCRIMINATION

48. Cairns realleges and incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

49. Defendant violated the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.*, by subjecting Cairns to discrimination on the basis of age.

50. Defendant terminated Cairns's employment because of his age or used his age as a motivating factor in its decision.

51. Defendant also failed to select Cairns for other positions for which he applied because of his age.

52. As a direct and proximate result of Defendant's actions and/or failures to act, Cairns has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Cairns is thereby entitled to damages in an amount to be proven at trial.

## ATTORNEY'S FEES

53. As a further and direct result of Defendant's actions and/or failures to act, Cairns has been compelled to retain the services of counsel, and thereby incurred, and will continue to incur, costs, expert witness fees, and attorney fees which should be required to be paid by Defendant pursuant to Idaho Code §§ 12-117, 12-120 and 12-121, and 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Cairns demands trial by jury as to all issues triable to a jury in this action.

## PRAYER FOR RELIEF

Wherefore, Cairns seeks judgment against Defendant as follows:

1. For damages in an amount as shall be proven at trial;

2. For liquidated damages in an amount as shall be proven at trial;

3. For punitive damages in an amount as shall be proven at trial;

4. For attorney's fees pursuant to statute and costs of suit;

5. For prejudgment interest on all amounts claimed; and

6. For such other and further relief as the Court deems just and proper.

Dated this 21st day December, 2018.

CASPERSON ULRICH DUSTIN PLLC

_____/s/_____
DeAnne Casperson, Esq.

C:\Users\Dana\Casperson Ulrich Dustin PLLC\Casperson Ulrich Dustin PLLC Team Site - Documents\DC\20081 Cairns\Pleadings\Complaint.wpd

7 - COMPLAINT AND DEMAND FOR JURY TRIAL