UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM CAIRNS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IDAHO FALLS SCHOOL DISTRICT NO. 91,<br><br>　　　　Defendant. | Case No. 4:18-cv-00564-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant's Motion for Summary Judgment (Dkt. 22). The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.[1]

# BACKGROUND

Plaintiff William Cairns alleges the Idaho Falls School District discriminated against him based on his age by not renewing his administrator contract and not

---

[1] On May 11, 2020, Defendant filed a Motion for Leave to File Additional Authority in support of their motion for summary judgment (Dkt. 32). Defendant calls the Court's attention to *Babb v. Wilkie*, 140 S. Ct. 1168 (2020) decided on April 6, 2020. The Court has reviewed *Babb* and finds that it does not change the analysis whether there is a dispute of material fact in this case.

MEMORANDUM DECISION AND ORDER - 1

hiring him for any position for which he was qualified and applied.

Cairns obtained his master's degree in education and began working as an administrator in the District in 1991. *Cairns Dec.* ¶¶ 3, 5, Dkt. 26-9. Cairns held various administrative positions within the District until 2018.[2] *Cairns Dec.* ¶¶ 4-10. Cairns was born in 1955 and was 62 years old in 2018. *Cairns Depo.* at 6, Dkt. 26-3.

During the 2016-17 school year Cairns was working as the assistant principal at Idaho Falls High School. That winter Cairns raised the possibility of retiring, but continuing to work under the "retire/rehire" policy, with Superintendent George Boland. *Cairns Depo*. at 38-39. In 2017 the Board of Trustees approved Cairns retirement. *Id.* at 42-44. Cairns states that he had not formally requested retirement and was surprised by the Board's decision. *Id.* After discussing the risks with Boland, Cairns decided to retire but continue working on a one-year renewable administrator contract. *Id.* at 43.

Boland reassigned Cairns as the athletic director at Skyline High School for the 2017-18 school year. *Id.* at 24-25. In the spring of 2018, Aaron Jarnagin, the principal of Skyline High School, asked Cairns how long he planned to continue

---

[2] Cairns was the principal at Shelley High School from 2001 to 2004, which was not in the Idaho Falls School District. Cairns returned to the Idaho Falls School District in 2004.

working. *Jarnagin Depo.* at 22-23, Dkt. 26-5. Cairns answered that he planned to work 2 to 4 more years, depending on his health. *Cairns Depo.* at 67, Dkt. 26-3. Jarnagin and Boland both state that Cairns performed well as the athletic director at Skyline. *Jarnagin Depo.* at 23, 25; *Boland Depo.* at 31, Dkt. 26-6. However, soon after asking how long Cairns would continue working, Jarnagin informed Ciarns that his contract would not be renewed for the following year. *Jarnagin Depo.* at 23; *Cairns Depo.* at 67. Jarnagin told Cairns he was not renewing his contract because he wanted someone with "more longevity" in the position. *Jarnagin Depo.* at 23. Cairns states that, when he asked Jarnagin if he understood the impact to Cairns, Jarnagin said Cairns would be fine because he would receive PERSI and Social Security benefits. *Cairns Depo.* at 56-57.

Despite not having his contract renewed, Cairns proceeded to apply and interview for the athletic director position anyway. *Cairns Depo.* at 51-52. During the interview Jarnagin again reiterated that they were looking for someone with more longevity. However, Jarnagin did not ask the other candidates how long they planned to stay if they were hired. *Jarnagin Depo.* 60-61.

The District hired someone in his early forties, with no experience as an administrator, and who did not possess a master's degree, which had been required for the position previously but was changed before the job was posted. *See Sanders*

*Depo.* at 20-22, Dkt. 26-4. Cairns also applied for other jobs in the District, including the athletic director at Idaho Falls High School and the assistant principal at Taylorview Junior High School, but in each case, the District hired someone younger, less qualified, and less experienced. *Id*. at 86-87; *Boland Depo.* at 82.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any material fact—a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct

testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA,* 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu,* 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Devereaux,* 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324, 106 S. Ct. 2548. However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts."

*Southern California Gas Co. v. City of Santa Ana,* 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

Cairns sued the Idaho Falls School District, claiming the District discriminated against him based on age when it (1) failed to renew his Retired Administrator Contract for the 2018–2019 school year, and (2) failed to hire him for his previous position or any of the other positions for which he applied.

The District asserts that no adverse employment action took place against Cairns because his 2017–2018 contract expired automatically, and further, that Cairns lacks evidence the District's decision-making had anything to do with age. *Def.'s Mem.* at 1-2, Dkt. 24. The District also argues that Cairns impermissibly raised a failure to hire claim for the athletic director position in his response because he did not plead it in his complaint. *Reply* at 2-3, Dkt. 28.

### A.   Failure to Hire for Athletic Director

As an initial matter, the Court rejects the School District's argument that Cairns impermissibly raised a new claim in his response to its motion for summary judgment. The District contends that Cairns' theory of age discrimination regarding the Skyline High athletic director position was confined to wrongful termination, and so Cairn's argument that the District failed to re-hire Cairns for the position were out of bounds. *Id*. According to the District, Cairns' failure-to-

hire theory applies only to "other" positions for which he applied within the District and was not hired.

Cairns' complaint alleges that the District failed to hire him for the athletic director position he had just held, as well as other positions. *Compl.* ¶¶ 24–38, Dkt. 1. During his deposition, Cairns was specifically asked by Defendant's counsel if his claims included failure to hire for the athletic director position. *Cairns Depo.* at 66. The District also addressed the failure to hire claim for the athletic director position in its memorandum. *Def.'s Mem.* at 8-9. The record clearly shows that not only did Cairns plead a claim for failure to hire for the athletic director position, but the District anticipated and argued that claim.

### B. Motion for Summary Judgment

Cairns' claims are brought under the Age Discrimination in Employment Act and the Idaho Human Rights Act. Because federal law guides the interpretation of the IHRA, the Court's analysis is the same under both statutes. *Hatheway v. Bd. of Regents of Univ. of Idaho,* 155 Idaho 255, 310 P.3d 315, 322 (2013).

To make out a claim for discrimination at the summary judgment stage, Cairns must show either direct evidence of discriminatory intent or set forth a *prima facie* case under the ADEA, using the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Diaz v. Eagle Produce Ltd. P'ship,* 521 F.3d 1201, 1207 (9th Cir. 2008). According to the Ninth Circuit,

direct evidence under the ADEA must be "sufficient to permit the fact finder to infer that that [discriminatory] attitude was more likely than not a motivating factor in the employer's decision." *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 812 (9th Cir. 2004) (quoting *Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 426 (8th Cir.1999)).

Cairns argues that Jarnagin's statements concerning his lack of longevity provides sufficient direct evidence to support his claims. Although it is a close question, the Court disagrees. Though at least one Circuit Court has found longevity to be a proxy for age, those cases involved something more than an isolated statement that the employer made an employment decision out of a desire to obtain greater longevity. *See Wharton v. Gorman-Rupp Co.*, 309 F. appx. 990 (6th Cir. 2009) (finding statements about longevity to be direct evidence of age discrimination where an employer clarified that, in the interest of longevity, they hired a younger person). Though longevity appears to have been the motivating factor in the School District's decision not to renew Cairns' contract, it is not altogether clear that longevity and age, in this case, are one and the same.

Instead, Cairns may rely on circumstantial evidence of discrimination and, to survive summary judgment, must first set forth a *prima facie* case under the ADEA. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281–82 (9th Cir. 2000).

"The requisite degree of proof necessary to establish a *prima facie* case . . . is minimal and does not even need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). Cairns must present enough evidence to permit a trier of fact to infer the fact at issue. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420 (9th Cir. 1990). A *prima facie* case sets up a presumption of unlawful discrimination. *Wallis* 26 F.3d at 889.

The School District can then rebut that presumption by articulating a legitimate reason for failing to renew Cairns' contract or to hire him for other positions. *Id.* If the District carries that burden, the presumption of unlawful discrimination "simply drops out of the picture." *Id.* Cairns must then introduce evidence sufficient to raise a genuine issue of material fact as to whether the School District's reasons are pretextual. To carry that burden, Cairns "may rely on the same evidence [he] used to establish a *prima facie* case or put forth additional evidence." *Coleman,* 232 F.3d at 1282.

### 1. Cairns' *Prima Facie* Case under the ADEA

To establish a *prima facie* case of age discrimination using circumstantial evidence, Cairns must show that he: (1) was at least 40 years old; (2) was qualified for the position for which he applied or was performing satisfactorily in the position from which he was discharged; (3) suffered an adverse employment action; and (4) was passed over for someone substantially younger with equal or

**MEMORANDUM DECISION AND ORDER - 9**

inferior qualifications. *See Maxfield v. Brigham Young Univ.—Idaho*, 27 F. Supp. 3d 1077, 1087 (D. Idaho 2014).

Cairns was 62 years old, and the School District does not dispute that Cairns was amply qualified for the positions to which he applied, including the athletic director position he had held previously—he possessed a master's degree and administrator certificate and also had considerable experience. The District does not dispute that Cairns had been performing the athletic director job well. Nor does it dispute that, for each of the positions to which Cairns applied, it instead hired someone in their thirties or forties with less experience and qualifications.

At issue then is only whether failing to renew Cairns' contract or to hire him for any position to which he applied constituted adverse employment action. The School District argues that, because Cairns' contract expired automatically, the District's lack of action to renew the contract could not be adverse employment action. *Def's Mot.*, Dkt. 24 at 7. The IHRA standard for adverse employment action is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hatheway*, 155 Idaho at 265, 310 P.3d at 325. Most courts frame the decision not to renew a contract as a decision not to re-hire the plaintiff. *See, e.g., Serlin v. Alexander Dawson Sch.*, 2014 WL 1573535, at

*7 (D. Nev. Apr. 17, 2014), *aff'd sub nom.* 656 F. App'x 853 (9th Cir. 2016). The Ninth Circuit has not directly addressed the issue, however the majority of circuits have held non-renewal of a contract for a discriminatory reason is an adverse employment action.[3] This Court agrees, and finds that non-renewal of a contract can constitute an adverse employment action. What's more, the District's separate decision not to hire Cairns for any of the positions to which he applied, including the athletic director position, squarely meet the IHRA and ADEA standards. Given the minimal level of proof necessary to establish a *prima facie* case under the ADEA, Cairns satisfies the elements.

### 2. Legitimacy of the School District's Explanation

---

[3] *See Leibowitz v. Cornell University*, 584 F.3d 487 (2d Cir. 2009) ("a non-renewal of an employment contract itself is an adverse employment action"); *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 320 (3d Cir. 2008) ("The failure to renew an employment arrangement, whether at-will or for a limited period of time, is an employment action, and an employer violates Title VII if it takes an adverse employment action for a reason prohibited by Title VI"); *Carter v. University of Toledo*, 349 F.3d 269, 270-71 (6th Cir. 2003) (reversing district court's grant of summary judgment in employer's favor on plaintiff's race discrimination claim under Title VII in connection with employer's failure to renew her contract as a visiting professor); *Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1279-82 (10th Cir. 2003) (sufficient evidence that employer unlawfully discriminated against employee based on age in deciding not to renew his contract); *Mateu-Anderegg v. School Dist. of Whitefish Bay*, 304 F.3d 618, (7th Cir. 2002) (where teacher challenged non-renewal of contract "[i]t is undisputed ... that [plaintiff] suffered an adverse employment action"); *Kassaye v. Bryant College*, 999 F.2d 603, 607 (1st Cir. 1993) ("act of refusing to renew appellant's employment at Bryant College" may provide grounds for discrimination claim).

Next, the burden shifts to the school district to produce a legitimate and nondiscriminatory reason for its employment decision. *Wells Fargo*, 902 F.2d at 1420. The burden is not onerous at this stage. *See Krenik v. Cnty. Of Le Sueur*, 47 F.3d 953, 958 (8th Cir. 1995) ("This is a burden of production not proof. The defendant need not persuade the court, it must simply provide evidence sufficient to sustain a judgment in its favor."). Here, the School District asserts that longevity may be a legitimate consideration in employment decisions so long as it is not a pretext for age. *Def.'s Mem* at 8-9, Dkt. 24. Indeed, in *Hazen Paper Co. v. Biggins*, the Supreme Court stated that factors correlated with age may be considered in making employment decisions so long as those factors are free from stereotypes about age that are unsupported by objective facts. 507 U.S. 604, 610–611 (1993). As such, longevity may have been a valid reason for the School District not to hire Cairns.

### 3. Pretext

Because the School District provided a legitimate, non-discriminatory reason for not renewing Cairns' contract or hiring him for other positions, the burden shifts back to Cairns to establish by a preponderance of the evidence that the reasons offered by the School District are pretextual. *Diaz*, 521 F.3d at 1212. Cairns may demonstrate pretext "either directly by persuading the court that a discriminatory reason likely motivated [the school district] or indirectly by

showing that [the school district's] proffered explanation is unworthy of credence." *Diaz,* 521 F.3d at 1212 (quoting *Snead v. Metro. Prop. & Cas. Ins. Co.,* 237 F.3d 1080, 1093–94 (9th Cir.2001)).

Cairns argues that Jarnagin's claim he wanted longevity in an athletic director because he was "building a team for the future" lacks support. The District states that longevity is not a proxy for age because it might be a concern when hiring a person of 25 just as easily as a person of 62. *Def.'s Mem.* at 4, Dkt. 24. Yet the District did not ask the other, younger, job candidates about their longevity.

Further, the candidates hired by the District lacked the qualifications and experience Cairns possessed, both for the athletic director position at Skyline High and for other positions for which Cairns applied. The District argues Jarnagin's recommendation against hiring Cairns for one position cannot be extrapolated to the District's hiring decisions for the other positions. *Def.'s Mem.* at 11, Dkt. 24. However, if others were not asked about their longevity, then there remains a factual dispute as to why Cairns was not hired—or in at least one case even interviewed—for positions where he may have been the most qualified candidate. As such, there exists an issue of material fact as to whether the School District's consideration of Cairns' longevity was actually a pretext for age.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Summary Judgment (Dkt. 22) is **DENIED**.

2. Defendant's Motion for Leave to File Additional Authority (Dkt. 32) is **DENIED as moot.**

DATED: May 14, 2020

_____
B. Lynn Winmill
U.S. District Court Judge