UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM CAIRNS,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>IDAHO FALLS SCHOOL DISTRICT NO. 91,<br><br>　　　Defendant. | Case No. 4:18-cv-00564-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are Defendant's Motions in Limine (Dkt. 49, 50) and Plaintiff's unopposed Motion in Limine (Dkt. 59). The motions are fully briefed and at issue.

# BACKGROUND

Trial in this matter is set for October 18, 2021. Plaintiff, William Cairns, asserts claims for age discrimination in employment. In the first Motion in Limine, the Defendant, the Idaho Falls School District No. 91, seeks to exclude evidence regarding the romantic relationship between Aaron Jarnagin and Sarah Sanders. Dkt. 49. In the second Motion in Limine, Cairns seeks to admit the deposition

testimony of Jarnagin and Sanders at trial. Dkt. 59. In the third Motion in Limine, the District seeks to exclude evidence regarding any statement that George Boland made promising future employment to William Cairns. Dkt. 50.

## LEGAL STANDARD

There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

Motions in limine are beneficial tools that promote judicial efficiency by presenting the Court with an opportunity "to rule in advance of trial on the relevance of certain forecasted evidence ... without lengthy argument at, or interruption of, the trial.*"* *D.A. v. Meridian Joint Sch. Dist. No. 2*, No. 1:11-CV-00119-CWD, 2013 WL 12147769, at *2 (D. Idaho June 14, 2013) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). But these pretrial evidentiary rulings are made before the court has seen or heard the challenged evidence, and they restrict a party's presentation of their case. *Id.* Thus, "courts

MEMORANDUM DECISION AND ORDER - 2

have recognized that motions in limine should be granted sparingly and only in those instances when the evidence plainly is inadmissible on all potential grounds." *Id.* (cleaned up).

In resolving these motions, the Court is guided by Federal Rules of Evidence 401 and 403. The Court must evaluate whether the proposed evidence is relevant—that is—whether the evidence has "any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if the evidence is relevant, the Court may exclude it if "its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ANALYSIS

### A. Evidence Regarding the Romantic Relationship between Aaron Jarnagin and Sarah Sanders

During the timeframe that Cairns alleges age discrimination, Jarnagin was the principal at Skyline High School, where Cairns worked as the athletic director. Jarnagin reported directly to Sanders, who was the assistant superintendent in the District 91 office. Throughout this period, Jarnagin and Sanders were in a romantic relationship.

The District argues that evidence of the romantic relationship is not relevant to Cairns's claim of age discrimination. According to the District, the fact that Jarnagin and Sanders had a personal relationship does not shed light on their motivations or decisions and thus cannot help a jury determine the District's actions or intentions. The District further asserts that "evidence of a sexual relationship is irrelevant in an age discrimination case," Dkt. 49-1 at 3, relying on another age discrimination case, *Tumbling v. Merced Irrigation District*. 262 F.R.D. 509 (E.D. Cal. 2009).

But this case is not like *Tumbling*. The *Tumbling* court determined that the romantic relationship between the plaintiff's supervisor and another employee was not relevant because the plaintiff did not connect "any adverse employment action or discrimination" to the romantic relationship. *Id.* at 515. Here, Cairns makes the requisite connection. He contends that the relationship tends to show a "discriminatory scheme"—namely that "because of their personal relationship," Jarnagin and Sanders "worked together to find a way to replace Cairns by changing the job description for the athletic director position, contrary to state requirements." Dkt. 52 at 3-4. The Court agrees. The personal relationship between Jarnagin and Sanders tends to make more probable Cairns's claims that Jarnagin and Sanders jointly developed a plan not to hire him because of his age. The

relationship is relevant.

The District further argues that evidence of the romantic relationship should be excluded because it is unduly prejudicial. Jarnagin and Sanders began their relationship while still married to other people, though they have subsequently divorced their spouses and married each other. The District contends that evidence of this "extramarital affair" will harm Jarnagin's and Sanders's credibility and encourage the jury to make an emotional decision, rather than an unbiased one. Dkt 49-1 at 7. Cairns concedes that evidence that the relationship was extramarital is irrelevant and prejudicial, but otherwise says the evidence of their relationship should come in.

The Court agrees with Cairns. The fact that the relationship began as an extramarital affair might offend jurors' traditional notions of sexual morality. *See United States v. Lawrence*, 189 F.3d 838 (9th Cir. 1999) (holding that evidence of an open marriage was prejudicial); *Los Angeles Police Protective League, v. Gates*, 907 F.2d 879 (9th Cir. 1990) (holding that evidence that a police officer engaged in sexual relationships while on duty was prejudicial). But otherwise, for the reasons discussed above, the Jarnagin and Sanders romantic relationship is relevant to Cairns's claims. The Court will therefore deny the District's motion to entirely exclude evidence of this relationship.  However, the Court will, consistent will not

**MEMORANDUM DECISION AND ORDER - 5**

permit counsel to offer evidence of the extra-marital nature of the relationship.

### B. Deposition Testimony of Unavailable Witnesses Jarnagin and Sanders at Trial

Jarnagin and Sanders now work more than 100 miles from the federal courthouse in Pocatello. Dkt. 59-1 at 2.  Consequently, under the Federal Rules of Civil Procedure, Cairns cannot subpoena their testimony. Fed. R. Civ. P. 45(c). Because Jarnagin and Sanders are unavailable witnesses under both the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the Court will allow Cairns to use their deposition testimony at trial. Fed. R. Civ. P. 32(a)(4)(B); Fed. R. Ev. 804.

### C. Evidence Regarding Any Statement that George Boland Made Promising Future Employment to William Cairns

At age 60, Cairns officially retired from his position at the District, but continued working under a one-year retired administrator contract. Dkt. 1 at ¶19. Cairns alleges that he opted to retire and work under the annual contract based on assurances from the District's superintendent, George Boland, "that so long as he was superintendent, Cairns would have a job, provided he did not mess up." *Id.* at ¶18-19.  Cairns's discrimination claim arises from the District's decision not to renew that one-year contract and the allegation that that decision was based upon Cairns's age.

**MEMORANDUM DECISION AND ORDER - 6**

The District argues that evidence of Boland's alleged promise of future employment is not relevant to Cairns's claim of age discrimination. Idaho law does not authorize a Superintendent to enter into binding contracts—such as a promise of future employment—on behalf of a School Board. Dkt. 50-1 at 3-5; *see also Brown v. Caldwell School Dist. No. 132*, 127 Idaho 112 (1995). The District contends that Cairns should have known that only the School Board could make legally enforceable promises of future employment, particularly because of Cairns's background in school administration. Consequently, according to the District, Cairns's reliance on Boland's alleged promise was unreasonable and unjustified.

The District's argument conflates the enforceability of the alleged promise with its relevance to a claim of age discrimination. *See* Dkt. 69 at 5 ("Finding the alleged statement made by the Superintendent relevant is tantamount to a finding that his statement established a contractual obligation between the District and Plaintiff in violation of Idaho law, and the specific terms of the written contract between Plaintiff and the District, thereby transforming this action into a breach of contract claim."). But the single and narrow question at issue here is whether the alleged promise is relevant under the Federal Rules of Evidence. Cairns convincingly argues that the promise is relevant because it provides context for his

**MEMORANDUM DECISION AND ORDER - 7**

decision to retire and continue working under annual contracts. The Court agrees.[1]

The central factual issue in this case is whether the District's decision not to renew Cairns's one-year retired administrator contract or consider him for other positions was motivated by age discrimination. A jury should see the full picture of that issue, including the alleged promise that led Cairns to change the nature of his employment and enter into the contract. The alleged promise is relevant.

The District further argues that evidence of the alleged promise should be excluded because it is unduly prejudicial. The bulk of the District's argument is that evidence of the alleged promise "serves to taint superintendent Boland's character." Dkt. 50-1 at 7. But, as Cairns correctly points out, evidence of this single alleged promise is not character evidence. *See* Fed. R. Ev. 404 ("[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait"); Dkt 53 at 5 ("Cairns is not seeking to submit evidence of Boland having a pattern of making promises he does not keep in order to bolster Cairns's testimony that Boland told Cairns that he would have a job as long as Boland was

---

[1] Cairns also argues that evidence of the alleged promise is relevant to his damages. Defendant's reply brief (Dkt. 69) responds primarily to this argument. At this time, the Court does not rule on the relevance of Boland's alleged promise to Cairns's damages or potential limitations of those damages. As needed, the Court will consider the arguments made in this briefing alongside the briefing on Plaintiff's Motion in Limine (Dkt. 51), which more fully addresses the issue.

superintendent.").

The District additionally contends that evidence of the alleged promise is prejudicial because it "may lead the jury to base its decision on this broken promise, rather than evidence of age discrimination." Dkt. 50-1 at 8. To support this proposition, the District points to *Janes v. Wal-Mart Stores Inc.* 279 F.3d 883 (9th Cir. 2002). In that case, the Ninth Circuit upheld a district court's determination that evidence that the plaintiff was previously fired for theft caused undue prejudice which could not be cured through a jury instruction. *Id.* at 886. But this case is not like *Janes* in two respects. First, theft is a more serious wrong than a broken promise and is more likely to inflame a jury. Second, although the *Janes* court found that a curative instruction was inadequate, here any prejudice to the District can be cured through a jury instruction.

In examining the "unfair prejudice" required for exclusion under Rule 403, the Court cannot say that the prejudice of evidence of a broken promise substantially outweighs the probative value of the evidence discussed above. Any prejudice can be cured through a jury instruction. Therefore, the Court will deny the motion.

**MEMORANDUM DECISION AND ORDER - 9**

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion in Limine (Dkt. 49) is **GRANTED** in part and **DENIED** in part. Granted with respect to evidence that Jarnagin and Sanders were married to other people during their relationship. Denied in all other respects.

2. Plaintiff's Motion in Limine (Dkt. 59) is **GRANTED**. Plaintiff shall provide notice of the deposition excerpts he intends to utilize for Jarnagin and Sanders prior to trial.

3. Defendant's Motion in Limine (Dkt. 50) is **DENIED.**

DATED: October 6, 2021

B. Lynn Winmill
U.S. District Court Judge