UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM CAIRNS, | Case No. 4:18-cv-00564-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| IDAHO FALLS SCHOOL DISTRICT NO. 91, | |
| Defendant. | |

**INTRODUCTION**

Before the Court are Defendant's Motions in Limine (Dkt. 82, 84). The motions are fully briefed and at issue. For the reasons explained below, the Court will grant in part and deny in part.

**BACKGROUND**

Trial in this matter is set for October 18, 2021. Plaintiff, William Cairns, asserts claims for age discrimination in employment. In the Motion in Limine, the Defendant, the Idaho Falls School District No. 91, seeks to exclude portions of the depositions of Aaron Jarnagin and Sarah Sanders. Dkt. 82, 84.

MEMORANDUM DECISION AND ORDER - 1

During the timeframe that Cairns alleges age discrimination, Jarnagin was the principal at Skyline High School, where Cairns worked as the athletic director. Jarnagin reported directly to Sanders, who was the assistant superintendent in the District 91 office. Throughout this period, Jarnagin and Sanders were in a romantic relationship. Because Jarnagin and Sanders now work more than 100 miles from the federal courthouse in Pocatello, Cairns will use their deposition testimony at trial.

## LEGAL STANDARD

There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

Motions in limine are beneficial tools that promote judicial efficiency by presenting the Court with an opportunity "to rule in advance of trial on the relevance of certain forecasted evidence ... without lengthy argument at, or interruption of, the trial*." D.A. v. Meridian Joint Sch. Dist. No. 2*, No. 1:11-CV-

MEMORANDUM DECISION AND ORDER - 2

00119-CWD, 2013 WL 12147769, at *2 (D. Idaho June 14, 2013) (quoting

*Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). But these pretrial

evidentiary rulings are made before the court has seen or heard the challenged

evidence, and they restrict a party's presentation of their case. *Id.* Thus, "courts

have recognized that motions in limine should be granted sparingly and only in

those instances when the evidence plainly is inadmissible on all potential grounds."

*Id.* (cleaned up).

## ANALYSIS

The chart below contains the Court's rulings and explanations. If counsel

wishes to be heard on these objections and rulings, the Court will hear argument on

Monday, October 18, 2021, after the jury has left court for the day.

| **Deposition (page: lines) & Objection** | **Ruling** |
|---|---|
| Jarnagin Deposition at 11:3-13.<br><br>Sanders Deposition at 49:11-13.<br><br>Irrelevant. | **Sustained**.<br>Jarnagin and Sanders's relationship status during the January 2020 depositions is not relevant to conversations they had or decisions they made in 2018. |
| Jarnagin Deposition at 13:24-14:6; 16:1-4, 9-14; 17:8-9, 14-16, 17-19.<br><br>Sanders Deposition at | **Overruled.**<br>The Court finds that evidence of when Sanders and Jarnigan started their relationship is relevant. The evidence goes to Cairns's theory that Sanders and Jarnagin worked together to replace |

| | |
|---|---|
| 47:11-48:4.<br><br>Irrelevant. | him as athletic director. *See Pl. Amended Trial Brief*, Dkt. 60, at 5-6. |
| Jarnagin deposition at 18:8-19:4; 19:13-20; 20:3-19.<br><br>Sanders deposition at 48:5 – 49:10; 49:14-51:16.<br><br>Irrelevant; unduly prejudicial. | **Sustained.**<br><br>As the Court indicated in its previous order, evidence about the fact of Jarnagin and Sanders's relationship is relevant. *See Order,* Dkt. 74 at 3-4. Here, however, the inquiry into disciplinary matters and professional ethics is not relevant. Furthermore, prejudice substantially outweighs any relevance that these portions of deposition have. Discussing the professional ethics of a supervisor-subordinate romantic relationships could easily inflame and bias jurors. Growing cultural backlash against these power-imbalanced and sometimes coercive workplace relationships may especially affect jurors. |
| Jarnagin deposition at 88:12-20.<br><br>Irrelevant; unduly prejudicial. | **Overruled**.<br><br>The question asks for Jarnagin's understanding, not a legal answer. The evidence is relevant because it goes to Jarnagin's reasons for changing the athletic director requirements. |
| Sanders deposition at 37:5 - 38:4.<br><br>Irrelevant and unduly prejudicial. | **Sustained.**<br><br>The Court finds that the questions are relevant because Jeff Sanders's leave of absence and decision not to return opened the Athletic Director position that Cairns filled. However, the objection will be sustained because the inquiry is unduly prejudicial. The jury will hear about Sanders's workplace relationship with Jarnagin. Telling them, further, that her ex-husband also worked at the school may raise jurors' suspicions about infidelity or bias the jury. *See Order*, Dkt. 74 at 4-5. |

**MEMORANDUM DECISION AND ORDER - 4**

| | |
|---|---|
| Sanders deposition at 26:8-27, Line 20.<br><br>Lack of Foundation. | **Overruled.**<br><br>The question asks for Sanders's personal knowledge of the requirements and her knowledge of Mr. Baczuk's experience. |
| Sanders deposition at 71:6-13.<br><br>Lack of Foundation. | **Sustained.**<br><br>It appears that Sanders's simply confirmed the contents of a State Department of Education's webpage that was shown to her. Confirming what was on a webpage is not a sufficient foundation to admit the evidence. |
| Sanders deposition at 134:10-20<br><br>Asked and answered. | **Sustained.** |

## ORDER

IT IS ORDERED that:

1.    Defendant's Motions in Limine (Dkt. 82, 84) are **GRANTED** in part

and **DENIED** in part consistent with the chart and discussion above.

DATED: October 18, 2021

B. Lynn Winmill
U.S. District Court Judge